[Cite as *State v. Polasky*, 2012-Ohio-3293.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | | JUDGES: |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2012-CA-9 |
| AMANDA POLASKY | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal appeal from the Cambridge
                             Municipal Court, Case No. 11CRB01145

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      July 18, 2012

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JAMES SKELTON                         RONALD COUCH
309 Main Street                       121 West Eighth Street
Coshocton, OH  43812                  Cambridge, OH  43725

*Gwin, P.J.*

{¶1} Defendant Amanda Polasky appeals a judgment of the Cambridge Municipal Court of Guernsey County, Ohio, which convicted and sentenced her for menacing, a fourth degree misdemeanor, after a trial to the bench. Appellant assigns a single error to the trial court:

{¶2} "I. THE CONVICTION WAS AGAINST THE SUFFICIENCY AND MANIFEST WEIGHT OF THE EVIDENCE."

{¶3} In *State v. Thompkins,* 78 Ohio St. 3d 380, 678 N.E. 2d 541 (1997), the Ohio Supreme Court found the concepts of manifest weight and legal sufficiency are both quantitatively and qualitatively different. *Id.,* syllabus, paragraph 2.

{¶4} The *Thompkins* court defined sufficiency of the evidence as a term of art referring to the legal standard courts must apply to determine whether the case may go to the jury, or whether the evidence is legally sufficient to support the jury's verdict. The Supreme Court explained sufficiency is a test of adequacy, and is a question of law.

{¶5} On the other hand, manifest weight of the evidence concerns the greater amount of credible evidence offered at trial to support one side of the issue rather than the other. The Supreme Court cautioned that weight is not a question of sheer mathematics but rather, how effective the evidence is in inducing belief in the mind of the trier of fact.

{¶6} At trial, the State presented the testimony of Christopher McCall, Leonard Polasky, and Liz McCune. At the time of the incident appellant and Polasky were in the process of divorce. Christopher McCall testified he attended a Labor Day picnic at the home of Leonard Polasky. He testified appellant and some other persons arrived in a

car and were screaming. He testified specifically Amanda shouted "you are going to jail mother fucker." McCall testified he was unsure to whom this statement was directed.

{¶7}    Leonard Polasky testified he had told the appellant he didn't want her to come to his home and their divorce orders specified they were to meet at the police station to exchange the children for visitation. Polasky testified appellant did not come onto his property, but was in a car on the street in front of his home. She, her mother, and other persons were in the car yelling and screaming profanities and racial slurs. He testified the people in the car were trying to catch him drinking alcohol, so they could get him "violated" and put in prison. He testified appellant also shouted something like "I am going to get you next too" which Polasky believed was directed at McCune, his girlfriend, because she was standing next to him. Polasky testified their pending divorce was very ugly and there was a big custody battle.

{¶8}    Polasky testified there was no question in his mind that appellant was the person who had uttered the threat to McCune. He testified he was familiar with appellant's voice, as well as her mother and father's voices, and could tell them apart even when they were shouting. Polasky also testified appellant had previously been arrested on an assault charge stemming from an incident at McCune's house. The charge was subsequently reduced to disorderly conduct.

{¶9}    McCune testified appellant does not like her, and on the day in question, shouted at her "you are going to get your ass beaten next, bitch". She testified it was a woman's voice and the only women in the vehicle were appellant and her mother. She testified she believed it was a threat to cause her physical harm and believed it was appellant who had made the threat.

{¶10} Appellant presented the testimony of her mother, who indicated she had never witnessed her daughter threaten anyone. She also testified during the incident she was operating a video camera in an attempt to show Polasky drinking alcohol.

{¶11} Appellant testified she was not the person who had threatened McCune. Appellant denied even seeing McCune on the day in question. She testified her father was the person who threatened to put Polasky in jail.

{¶12} Both appellant and her mother testified the video was an accurate representation of what occurred. Appellant then played the video for the court. On closing, the State argued appellant's voice could be heard on the video shouting threats. Appellant responded the various witnesses' testimony contained serious disagreements about what had occurred, and it would have been difficult for anyone to distinguish who was shouting what. The court made no finding regarding the video.

{¶13} We find the evidence was legally sufficient to support the trial court's verdict as a matter of law, and in addition, we find the court's decision is supported by the weight of the evidence.

{¶14} The assignment of error is overruled.

{¶15} For the foregoing reasons, the judgment of the Cambridge Municipal Court, Guernsey County, Ohio, is affirmed.

By Gwin, P.J.,

Wise, J., and

Edwards, J., concur

 

_____

HON. W. SCOTT GWIN

 

_____

HON. JOHN W. WISE

 

_____

HON. JULIE A. EDWARDS

WSG:clw 0706

[Cite as *State v. Polasky*, 2012-Ohio-3293.]

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                   :

             Plaintiff-Appellee      :

-vs-                           :        JUDGMENT ENTRY

AMANDA POLASKY         :

            Defendant-Appellant   :       CASE NO. 2012-CA-9

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Cambridge Municipal Court, Guernsey County, Ohio, is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. JULIE A. EDWARDS